927 F.2d 597
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billie Ruth SIMON, Defendant-Appellant.
 No. 90-5511.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1991.
Decided Feb. 28, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-89-262-2)
 Deborah DeBarr Dye, Kay, Casto, Chaney, Love & Wise, Charleston, W. Va., for appellant.
 Michael W. Carey, United States Attorney, Jacquelyn Irwin Custer, Assistant United States Attorney, Charleston, W. Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Billie Ruth Simon pled guilty to conspiracy to distribute crack cocaine (21 U.S.C. Sec. 846) and appeals the guideline sentence she received on the ground that her criminal history category was incorrectly determined. We affirm.
 
 
 2
 Simon's criminal history included two shoplifting convictions. One offense occurred in 1988; it was prosecuted under an ordinance of the City of Charleston, West Virginia. The other occurred in 1983; it was prosecuted under a state statute. Simon pled guilty to both offenses and received a fine in each. Simon argued at sentencing that neither offense should be considered in calculating her criminal history score because U.S.S.G. Sec. 4A1.2(c)(1) provides that local ordinance violations and similar offenses are not to be counted unless there is a sentence of at least one year probation or thirty days imprisonment or the offense is similar to the instant offense.
 
 
 3
 We need not address this argument because even if the 1988 conviction was improper, there is no basis to discount the 1983 conviction. Reduction of the one point added for the 1988 conviction does not change Simon's criminal history category. Therefore, the error, if any, is no basis for reversal of Simon's sentence.*
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We also note that the recent amendments to U.S.S.G. Sec. 4A1.2 support the district court's reasoning on whether to count the 1988 conviction